UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BRANDON MILLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 1:06-CR-57-HSM-CHS-2 |
| | ) 1:16-CV-219-HSM |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Docs. 173, 178]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 4, 2016 [Doc. 184]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, Petitioner's § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.   **BACKGROUND**

In 2007, Petitioner pled guilty to, and was subsequently convicted of, aiding and abetting the commission of four Hobbs Act robberies, in violation of 18 U.S.C. § 1951 and 2, and two counts of aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 [Docs. 56, 78]. The United States Probation Office assigned Petitioner an advisory Guideline range of 441 to 455 months' imprisonment [Presentence Investigation Report (PSR) ¶¶ 82–83 (noting that Petitioner's §

924(c) offenses resulted in statutorily mandated minimums of 384 months' imprisonment)]. The Court granted a motion for downward departure filed by the United States and sentenced petitioner to 321 months' incarceration on April 9, 2007 [Doc. 78]. Petitioner did not file a direct appeal.

Four years later—in January of 2012, Petitioner field a motion seeking to withdraw his guilty plea [Doc. 161]. Noting that the proper avenue for making such a request would be to file a motion under § 2255, this Court sent Petitioner a blank petition [Doc. 162]. On June 16, 2016, Petitioner filed the instant § 2255 motion [Docs. 173, 178]. The petition contains two theories for collateral relief: (1) several underdeveloped allegations of ineffective assistance suggesting counsel failed to "do what [Petitioner] instructed," seek a lesser sentence because this was Petitioner's "first felony," or "represent [Petitioner's] case right;" and (2) a challenge to Petitioner's § 924(c) convictions based on the *Johnson* decision [*Id.* at 4–10].

## II.     TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to her case. i.e., she has not established that any illegal

action by the government prevented her from making the timely petition or the existence of facts affecting her case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the petition depends on whether its submission complied with subsections (f)(1) and (f)(3).

### A. Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's conviction became final on April 23, 2007, fourteen days after the Court entered judgment on April 9, 2007. *See* Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment."). The window for requesting relief under that subsection expired on April 23, 2008, slightly less than eight years before Petitioner submitted the petition.

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition after April 23, 2008, only the claim for collateral relief based on the *Johnson* decision even arguably satisfies the conditions required to trigger that

3

provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). By contrast, Petitioner's theories of ineffective assistance of counsel do not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3). As a result, timeliness of the ineffective assistance claims depend on whether or not subsection (f)(1) was tolled.

**B.    Equitable Tolling of Subsection (f)(1)**

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to her case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the petition and CM/ECF record fail to reveal a single extraordinary circumstance justifying Petitioner's failure submit the ineffective assistance of counsel claims within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*,

4

No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the theories of ineffective assistance are untimely, they will be denied without review.

### III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS REMAINING GROUND FOR *JOHNSON*-BASED RELIEF

The petition contains a single timely ground for collateral relief, arguing that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his convictions under § 924(c)(1)(A).

That argument fails because binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, § 924(c)(3)(B)'s definition of crime of violence

remains unaffected.[1]  *See*; *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit").  As a result, Hobbs Act robbery remains a crime of violence capable of supporting the conviction under § 924(c)(1)(A).

## V. CONCLUSION

For the reasons discussed above, Petitioner's supplemented § 2255 motion [Docs. 173, 178] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The statute defines "violent felony" as  "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision.  135 S. Ct. at 2563.

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime."  18 U.S.C. § 924(c)(1)(A).  Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.